## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CALHOUN BHELLA LLP** ) | |
| 2121 Wisconsin Avenue, N.W., Suite 200 ) | |
| Washington, D.C. 20007 ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: _____ |
| v ) | |
| ) | |
| **UNITED STATES DEPARTMENT** ) | |
| **OF HEALTH AND HUMAN SERVICES** ) | |
| 200 Independence Avenue, S.W. ) | |
| Washington, D.C. 20201 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT TO REDRESS VIOLATIONS OF
## THE FREEDOM OF INFORMATION ACT

Plaintiff, Calhoun Bhella LLP ("Calhoun") hereby files this Complaint against Defendant,

the United States Department of Health and Human Services ("HHS"), pursuant to the Freedom

of Information Act and in support thereof states as follows:

### INTRODUCTION

1. Calhoun brings this action to redress violations of the Freedom of Information Act

("FOIA") by HHS in failing to conduct an adequate search of its records and/or provide Calhoun

with all non-exempt records responsive to a FOIA request submitted on June 2, 2026 and assigned

reference number 2026-HHS-FOIA-003214 (the "FOIA Request").

### JURISDICTION

2. As described herein, the statutory deadline for HHS to respond to the FOIA Request has

passed.

Page 1 of 6

3. As described herein, HHS has improperly withheld the records sought by the FOIA Request because it has failed to produce such records within the timeframes contemplated under FOIA.

4. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

5. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B) because (1) upon information and belief, the records responsive to the FOIA Request are housed within the District of Columbia; and (2) FOIA expressly authorizes suits of this nature to be brought in the United States District Court for the District of Columbia.

## PARTIES

6. Plaintiff Calhoun, formerly known as Calhoun Bhella & Sechrest LLP, is a limited liability partnership with its principal place of business in Dallas, Texas and a satellite office in the District of Columbia.

7. Defendant, HHS, is an Executive Department of the United States and subject to FOIA pursuant to 5 U.S.C. § 552(f) and 45 C.F.R. § 5.3.

## THE FREEDOM OF INFORMATION ACT

8. FOIA requires federal agencies to promptly provide copies of all non-exempt agency records to those persons who make requests for records that reasonably describe the type of records sought and conform with all applicable agency regulations and procedures governing such requests. 5 U.S.C. § 552(a)(3)(A); *see also* 45 C.F.R. § 5.2(a).

9. FOIA requires federal agencies to make a final determination on all requests within 20 working days of receiving such requests, unless the agency expressly provides notice to the

requester of "unusual circumstances" requiring additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(i).

10. In cases where an agency alleges "unusual circumstances" exist with respect to processing a FOIA request, the agency may extend the processing time for the request up to 10 additional working days. 5 U.S.C. § 552(a)(6)(B)(i).

11. FOIA provides that a requester shall be deemed to have constructively exhausted its administrative remedies with respect to a request if the agency fails to comply with the applicable time limitations provided under the statute. 5 U.S.C. § 552(a)(6)(C)(i).

12. FOIA provides that any requester, after exhausting its administrative remedies, may seek legal redress from the district court to enjoin the agency from withholding agency records and order the production of any agency records improperly withheld from the requester. 5 U.S.C. § 552(a)(4)(B).

13. Under FOIA, the agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

14. In the event a requester substantially prevails under a case brought under FOIA, the court may assess attorneys' fees and other litigation costs against the defendant agency. 5 U.S.C. § 552(a)(4)(E).

## FACTUAL BACKGROUND

15. The Office of Medicare Hearings and Appeals ("OMHA") is a component of the Office of the Secretary of HHS.

16. The Centers for Medicare and Medicaid Services ("CMS") is an agency within HHS. CMS is responsible for, among other things, administering the Medicare program, which is the federal health insurance program for the aged and disabled. *See* 42 U.S.C. § 1395 *et seq.*

17. CMS routinely audits claims from Medicare providers to ensure those claims comply

with applicable coverage rules. In the event CMS denies a claim for payment, the provider has the right to contest that denial through a four-step administrative appeals process. *See* 42 U.S.C. § 1395ff(b).

18. Administrative Law Judges ("ALJs") within OMHA are responsible for adjudicating Medicare claim appeals. A hearing before an ALJ is the third step in HHS' administrative claim appeal process. *See* 42 U.S.C. § 1395ff(d)(1); 42 C.F.R. § 405.1000.

### FOIA Request 2026-HHS-FOIA-003214 Dated June 2, 2026

19. On or about June 2, 2026, Calhoun submitted the FOIA Request to HHS via the agency's electronic portal seeking the following information: (a) general disposition data related to Medicare claim appeals adjudicated by OMHA ALJs from January 1, 2020 to the date of production; (b) disposition data related to Medicare claims for acute rehabilitation services adjudicated by OMHA ALJs from January 1, 2020 to the date of production; and (c) all OMHA policies, procedures, and training documents relating to the agency's use of artificial intelligence platforms, programs, or services.

20. The FOIA Request contained all information required by HHS regulations for a valid request, including but not limited to the name of the agency in possession of responsive records, the date range when the records were created, and a description of the records sought. *See* 45 C.F.R. § 5.22(a). The request also included contact information for the requester as required by 45 C.F.R. § 5.22(b).

21. HHS sent an automated reply to Calhoun acknowledging receipt of the FOIA Request and assigning reference number 2026-HHS-FOIA-003214 to the case.

22. As of the date of this Complaint, Calhoun has received no further correspondence from HHS regarding the FOIA Request.

23. HHS has not rendered a determination, produced any records, or otherwise responded to the FOIA Request.

24. The 20-working-day statutory deadline for HHS to respond to the FOIA Request, as set forth in 5 U.S.C. § 552(a)(6)(A)(i), expired on or about July 1, 2026.

25. HHS has not provided Calhoun with written notice of "unusual circumstances" requiring additional time to respond to the FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(B)(i).

26. Based on the foregoing and pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Calhoun has constructively exhausted its administrative remedies with respect to the FOIA Request.

## CLAIMS FOR RELIEF

27. Calhoun hereby incorporates by reference paragraphs 1-26 previously set forth herein.

28. HHS has violated FOIA by failing to provide Calhoun with all non-exempt records that are responsive to the FOIA Request.

29. By failing to provide Calhoun with all non-exempt responsive records to the FOIA Request, HHS has denied Calhoun' right to this information as provided under FOIA. *See* 5 U.S.C. § 552(a)(3)(A); 45 C.F.R. § 5.2(a)(1).

30. HHS has violated FOIA by failing to render a determination within the statutory timeframe set forth in 5 U.S.C. § 552(a)(6)(A)(i).

31. HHS has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to the FOIA Request. *See* 5 U.S.C. § 552(a)(3)(C).

32. By failing to perform an adequate search to locate all non-exempt records responsive to the FOIA Request, HHS has denied Calhoun' right to this information as provided under FOIA.

33. HHS has improperly withheld records responsive to the FOIA Request.

34. Unless enjoined by this Court, HHS will continue to violate Calhoun' legal right to

receive copies of the records sought through the FOIA Request.

35. Calhoun is directly and adversely affected and aggrieved by HHS' failure to produce records in response to the FOIA Request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for Calhoun and provide the following relief:

36. Declare HHS has violated FOIA by failing to provide Calhoun with all non-exempt records responsive to the FOIA Request and by failing to render a determination within the statutory timeframe.

37. Enjoin HHS from continuing to withhold non-exempt records responsive to the FOIA Request.

38. Order HHS to perform an adequate search for records responsive to the FOIA Request and provide Calhoun with all non-exempt responsive records to the request within 20 working days of the date of the Court's Order.

39. Award such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 20, 2026

/s/ Adam L. Bird
Adam L. Bird
D.C. Bar No. 1005485
**CALHOUN BHELLA LLP**
2121 Wisconsin Avenue N.W., Suite 200
Washington, D.C. 20007
Tel: (202) 804-6031
Fax: (214) 981-9203
abird@calhounbhella.com

**Attorney for Plaintiff**